Matter of Grabowski v Smith (2020 NY Slip Op 02400)





Matter of Grabowski v Smith


2020 NY Slip Op 02400


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


151 CAF 19-00219

[*1]IN THE MATTER OF JACQUELYN M. GRABOWSKI, PETITIONER-RESPONDENT,
v
JAY CRAIG SMITH, JR., RESPONDENT-APPELLANT. KIMBERLY M. SEAGER, ESQ., ATTORNEY FOR THE CHILD, APPELLANT.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT.
KIMBERLY M. SEAGER, FULTON, ATTORNEY FOR THE CHILD, APPELLANT PRO SE. 


 Appeals from an order of the Family Court, Onondaga County (William W. Rose, R.), entered November 19, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole legal and physical custody of the child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father and the Attorney for the Child (appellate AFC) appeal from an order that, inter alia, modified a prior custody and visitation order by awarding petitioner mother sole legal and physical custody of the subject child. Although Family Court did not expressly determine that there was a sufficient change in circumstances to warrant an inquiry into whether modification of the order would be in the child's best interests, this Court may "independently review the record to ascertain whether the requisite change in circumstances existed" (Matter of DeVore v O'Harra-Gardner, 177 AD3d 1264, 1265 [4th Dept 2019] [internal quotation marks omitted]). Contrary to the contention of the father and the appellate AFC, our review of the record reveals "extensive findings of fact, placed on the record by [the court], which demonstrate unequivocally that a significant change in circumstances occurred since the entry of the consent custody order" (Matter of Aronica v Aronica, 151 AD3d 1605, 1605 [4th Dept 2017] [internal quotation marks omitted]). Specifically, affording great weight to the court's assessment of the credibility of the witnesses (see Matter of Paliani v Selapack, 178 AD3d 1425, 1426 [4th Dept 2019]), we conclude that the mother established that her relationship with the father deteriorated to the point where the existing joint custody arrangement was not feasible (see Matter of Unczur v Welch, 159 AD3d 1405, 1406 [4th Dept 2018], lv denied 31 NY3d 909 [2018]; Matter of Ladd v Krupp, 136 AD3d 1391, 1392 [4th Dept 2016]), the father violated the prior custody and visitation order (see Matter of Moreno v Elliott, 170 AD3d 1610, 1611 [4th Dept 2019]; Matter of Green v Bontzolakes, 111 AD3d 1282, 1283-1284 [4th Dept 2013]), and the father was engaging in an ongoing effort to alienate the child from the mother (see Matter of Angela N. v Guy O., 144 AD3d 1343, 1345 [3d Dept 2016]).
Contrary to the further contention of the father and the appellate AFC, the court's determination to award the mother sole legal and physical custody is supported by a sound and substantial basis in the record. Here, the record establishes that the father was alienating the child from the mother, and "[a] concerted effort by one parent to interfere with the other parent's [relationship] with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as a custodial parent" (Matter of [*2]Turner v Turner, 260 AD2d 953, 954 [3d Dept 1999] [internal quotation marks omitted]; see Matter of Cramer v Cramer, 143 AD3d 1264, 1264 [4th Dept 2016], lv denied 28 NY3d 913 [2017]).
Contrary to the contention of the appellate AFC, the fact that the Attorney for the Child who represented the child during the proceeding on the mother's petition (trial AFC) advocated a position contrary to the child's wishes did not deprive the child of effective assistance of counsel. We similarly conclude that, contrary to the contention of the appellate AFC, the court did not err in denying the father's motion to remove the trial AFC. The 10-year-old child's stated wishes were to have no contact with the mother, and to follow those wishes "would be tantamount to severing [the child's] relationship with her [mother], and [that] result would not be in [the child's] best interest[s]" (Matter of Viscuso v Viscuso, 129 AD3d 1679, 1680 [4th Dept 2015] [internal quotation marks omitted]). Although generally an AFC must " zealously advocate the child's position' " (Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1147 [4th Dept 2016], quoting 22 NYCRR 7.2 [d]), a contrary rule arises "where, as here, the [AFC] is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child[.] [In such circumstances, the AFC] would be justified in advocating a position that is contrary to the child's wishes' " (Viscuso, 129 AD3d at 1680, quoting 22 NYCRR 7.2 [d] [3]). Based on the child's age (see generally Matter of Rosso v Gerouw-Rosso, 79 AD3d 1726, 1727-1728 [4th Dept 2010]), and the fact that "the [father's] persistent and pervasive pattern of alienating the child from the [mother] is likely to result in a substantial risk of imminent, serious harm to the child' " (Viscuso, 129 AD3d at 1680-1681, quoting 22 NYCRR 7.2 [d] [3]), we conclude that the trial AFC acted in accordance with her ethical duties (see id. at 1681) and the child was not denied effective assistance of counsel (see generally Brian S., 141 AD3d at 1147-1148).
Finally, to the extent that the father contends that the court erred in finding that he willfully violated a court order, that contention is not before us. There is no finding of contempt against the father in the order appealed from, and there is no other order in the record containing such a finding. There is thus " no appealable civil contempt determination' " (Ferris v Ferris, 121 AD3d 1544, 1545 [4th Dept 2014]; see Matter of Mercado v Frye, 104 AD3d 1340, 1342 [4th Dept 2013], lv denied 21 NY3d 859 [2013]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court