Matter of Nicole B. v Franklin A. (2020 NY Slip Op 03828)





Matter of Nicole B. v Franklin A.


2020 NY Slip Op 03828


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

527157

[*1]In the Matter of Nicole B., Appellant,
v
Franklin A., Respondent. (And Another Related Proceeding.)

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Karen A. Leahy, Cortland, for appellant.
Adam H. Van Buskirk, Auburn, for respondent.
Lisa K. Miller, McGraw, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered June 15, 2018, which, among other things, granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2015). The parties shared joint legal and physical custody of the child under a 2016 order. The mother commenced the first of these proceedings seeking to modify the 2016 order by requesting sole custody of the child and relocating with the child to Pennsylvania. The father thereafter filed a competing modification petition seeking sole custody of the child. A hearing was held, after which Family Court, in a June 2018 order, awarded the father sole custody of the child with the mother having parenting time. The mother appeals. We affirm.
As an initial matter, this Court has been advised that, following the issuance of the June 2018 order, Family Court issued a subsequent custody order in June 2019, of which we take judicial notice. The June 2019 order provided that the directive in the June 2018 order granting the father sole custody of the child "shall continue" and did not state that the June 2018 order was being superseded or vacated. Accordingly, the mother's appeal is not moot (see Matter of Daniel C. v Joanne C., 182 AD3d 711, 712-713 [2020]; Matter of Blagg v Downey, 132 AD3d 1078, 1079 [2015]; compare Matter of Attorney for the Child v Cole, 140 AD3d 1335, 1336 [2016]; Matter of Mosier v Cole, 129 AD3d 1346, 1347-1348 [2015]).
As to the merits of the modification petitions, Family Court found that the deterioration of the parties' relationship constituted a change in circumstances since the entry of the 2016 custody order. The record reveals that the parties disagreed as to the medical decisions and the schooling of the child and that they could not communicate effectively to resolve such disagreements. Furthermore, the mother repeatedly called Child Protective Services about the father, but her complaints did not result in indicated reports (see Matter of Anthony JJ. v Joanna KK., 182 AD3d 743, 744-745 [2020]). Based on the foregoing, the court's finding of a change in circumstances will not be disturbed (see Matter of Brandon E. v Kim E., 167 AD3d 1293, 1294 [2018]; Matter of David ZZ. v Suzane A., 152 AD3d 880, 881-882 [2017]; Matter of Fountain v Fountain, 130 AD3d 1107, 1108 [2015]).
Turning to the best interests of the child, the record discloses that, in addition to the foregoing, the child had her own bedroom in the father's residence and the father had more suitable and stable housing than the mother. When the father dropped off the child with the mother, the child was clean and wore appropriate clothing. The father was employed full time by a school district as a "subcontractor" and wished to enroll the child in a pre-kindergarten program near his residence. Both the father and the child's paternal grandfather have attended the child's medical appointments, and they have provided transportation for the mother when necessary. The grandfather stated that he has helped take care of the child when she was in the father's custody and the father was "good at taking care of the child."
Meanwhile, the mother had moved four times since the 2016 order, some of the moves due to rodent infestations in her residence or being evicted. The grandfather also testified to an incident where the mother called the police on him when he arrived approximately 15 minutes early to pick up the child from the mother. As part of its analysis, Family Court found that the father facilitated the mother's contact with the child notwithstanding her conduct in repeatedly reporting him to Child Protective Services. The court further noted that, even though medical providers found that the child was healthy, the mother repeatedly sought medical treatment for the child, to the child's detriment, and baselessly attributed any alleged ailments to the father. The court also questioned the mother's judgment concerning the child's needs and took into account the mother's prior history with Child Protective Services as to her other children.
In view of Family Court's findings, which are supported by the record, and the evidence adduced at the hearing, the court did not err in awarding the father sole custody of the child (see Matter of Anthony JJ. v Joanna KK., 182 AD3d at 745-746; Matter of Ian G. v Crystal F., 174 AD3d 985, 987 [2019], lv denied 34 NY3d 903 [2019]; Matter of Knox v Romano, 137 AD3d 1530, 1531-1532 [2016]; Matter of Danielle TT. v Michael UU., 90 AD3d 1103, 1104 [2011]). To the extent that the mother provided a contrary version of the events as set forth by the father and the grandfather, the court found that the mother was "not credible although she meant to be." Furthermore, the mother contends that the court gave undue weight to the testimony of the father and the grandfather. The court, however, found that the father was "mostly credible" and that the grandfather was "credible," and we defer to the court's credibility assessments (see Matter of Sherrod U. v Sheryl U., 181 AD3d 1069, 1070 [2020]; Herrera v Pena-Herrera, 146 AD3d 1034, 1035 [2017]).
Finally, we note that the mother makes, at best, a cursory argument in support of her proposed relocation with the child. That said, the record demonstrates that the proposed relocation would not serve the best interests of the child (see Matter of Southammavong v Sisen, 141 AD3d 905, 907 [2016]). The mother's remaining assertions have been considered and are without merit.
Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.