Matter of Fowler v Rothman (2021 NY Slip Op 05436)





Matter of Fowler v Rothman


2021 NY Slip Op 05436


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


841 CAF 19-00745

[*1]IN THE MATTER OF ELIZABETH J. FOWLER, PETITIONER-RESPONDENT-APPELLANT,
v
DAVID L. ROTHMAN, RESPONDENT-PETITIONER-RESPONDENT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT.
LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-PETITIONER-RESPONDENT.
RALPH A. COGNETTI, SYRACUSE, ATTORNEY FOR THE CHILDREN. 


 Appeal from an amended order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered November 28, 2018 in a proceeding pursuant to Family Court Act article 6. The amended order, among other things, awarded respondent-petitioner sole legal and physical custody of the subject children. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 6 proceeding, petitioner-respondent mother appeals from an amended order that, inter alia, granted respondent-petitioner father's cross petition to modify the parties' judgment of divorce by awarding him sole legal and physical custody of the subject children. We affirm.
Initially, we take judicial notice of the fact that, subsequent to the issuance of the amended order on appeal, Family Court issued an order in October 2020 modifying the mother's visitation arrangement with the children. That order expressly provided, however, that the directive contained in the amended order on appeal granting the father sole legal and physical custody of the children "shall continue," and the October 2020 order did not state that the amended order on appeal was being superseded or vacated. Consequently, we conclude that the mother's appeal, which challenges only the court's custody determination, is not moot (see Matter of Nicole B. v Franklin A., 185 AD3d 1166, 1166 [3d Dept 2020]; Matter of William O. v Wanda A., 151 AD3d 1189, 1190 [3d Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Blagg v Downey, 132 AD3d 1078, 1079 [3d Dept 2015]).
With respect to the merits, we conclude that the mother "waived her contention that the father failed to establish a change of circumstances warranting an inquiry into the best interests of the children inasmuch as [she] alleged in her own . . . petition that there had been such a change in circumstances" (Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]; see Matter of Verne v Hamilton, 191 AD3d 1433, 1433-1434 [4th Dept 2021]). In any event, we agree with the father that he established the requisite change in circumstances based on the deterioration of the parties' relationship and ability to work together to co-parent the children (see Matter of Noble v Gigon, 165 AD3d 1640, 1640 [4th Dept 2018], lv denied 33 NY3d 902 [2019]; Werner v Kenney, 142 AD3d 1351, 1351-1352 [4th Dept 2016]), as well as the mother's repeated unsubstantiated allegations that the father abused the children, none of which ultimately resulted in any indicated reports (see Nicole B., 185 AD3d at 1166-1167; Matter of Anthony JJ. v Joanna KK., 182 AD3d 743, 744 [3d Dept 2020]; Matter of Howden v Keeler, 85 AD3d 1561, 1561-1562 [4th Dept 2011]).
Contrary to the mother's further contention, we conclude that the court did not err in determining that awarding the father sole legal and physical custody of the children is in the children's best interests. Indeed, the record establishes that the court's determination resulted from a "careful weighing of [the] appropriate factors . . . , and . . . has a sound and substantial basis in the record" (Matter of Talbot v Edick, 159 AD3d 1406, 1407 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Saletta v Vecere, 137 AD3d 1685, 1686 [4th Dept 2016]; see generally Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]). "It is well settled . . . that [a] concerted effort by one parent to interfere with the other parent's contact with the child[ren] is so inimical to the best interests of the child[ren] . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011] [internal quotation marks omitted]). Here, the record supports the court's conclusion that the mother interfered with the father's relationship with the children by making repeated and unfounded allegations that the father had physically and sexually abused the children (see Werner, 142 AD3d at 1352; Howden, 85 AD3d at 1562). "Although the court must consider the effects of domestic violence in determining the best interests of the children," here, the mother "failed to prove her allegations of domestic violence by a preponderance of the evidence" (Matter of Miller v Jantzi, 118 AD3d 1363, 1363-1364 [4th Dept 2014]). We therefore see no reason to disturb the court's custody determination (see Matter of Lewis R.E. v Deloris A.E., 37 AD3d 1092, 1093 [4th Dept 2007]).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court