Matter of Richard Y. v Victoria Z. (2021 NY Slip Op 05899)





Matter of Richard Y. v Victoria Z.


2021 NY Slip Op 05899


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

529878
[*1]In the Matter of Richard Y., Respondent,
v
Victoria Z., Appellant. (And Four Other Related Proceedings.)

Calendar Date:September 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Cheryl L. Sovern, Malta, for appellant.
Alexandra J. Buckley, Clifton Park, for respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the child.
Mary Cosgrove Militano, Scotia, attorney for the children.
Karen R. Crandall, Schenectady, attorney for the child.



Egan Jr., J.
Appeal from an order of the Family Court of Saratoga County (Wait, J.), entered August 19, 2019, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
The facts of this matter are familiar to this Court, having been the subject of a prior appeal (159 AD3d 1071 [2018]). Insofar as relevant here, petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of five children (born in 2006, 2007, 2011, 2012 and 2014). Following the parties' separation in May 2016, the father filed a petition for custody of the children on the grounds that the mother had physically and mentally abused them. Numerous court appearances ensued, during which Family Court learned that the mother had relocated to New Mexico with the three youngest children, in contravention of a prior Family Court order (id. at 1072). As a result of her failure to return the children, Family Court, by corrected order entered in November 2016, granted the father's custody petition, awarded him sole legal custody and primary physical placement of the children, and directed the mother to return the three youngest children to New York (id.). On appeal from that corrected order, this Court determined, among other things, that Family Court had erred in granting the father's custody petition without first conducting an evidentiary hearing, and we remitted the matter for that purpose (id. at 1074).[FN1]
In July 2018, Family Court issued a temporary custody order, on consent of the parties, continuing the award of sole legal and primary physical placement of the children with the father as set forth in the November 2016 corrected order and further directed, among other things, that the three youngest children be returned to New York where they would temporarily stay with the father from July 31, 2018 to August 9, 2018, followed by the mother having parenting time in New Mexico with all five children from August 9, 2018 to August 18, 2018. On August 6, 2018, however, the attorney for the two oldest children filed an order to show cause seeking emergency modification of the July 2018 temporary order, alleging that the two oldest children had made previously unknown disclosures of abuse and excessive corporal punishment while in the mother's custody. The father also filed a modification petition contending that the three youngest children had similarly made disclosures of abuse while in the mother's care and custody and, in a separate modification petition, the attorney for the three youngest children made similar allegations of physical abuse. All three petitions sought to prohibit the return of the children to the mother in New Mexico. Family Court thereafter ordered that the father maintain primary physical custody of the children pending further proceedings. A combined fact-finding hearing on all three petitions was subsequently held between October 2018 [*2]and June 2019.[FN2] Following the hearing, Family Court granted the father's petition and awarded him sole legal and physical custody of the children, affording the mother supervised parenting time to be exercised in New York. The mother appeals.
Although not raised by the parties or the attorneys for the children, we find that this appeal must be dismissed as moot. Where a court in this state has made a custody determination, it retains "exclusive, continuing jurisdiction over the determination until . . . a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state" (Domestic Relations Law § 76-a [1] [b]). Here, however, it is undisputed that the mother continues to reside in New Mexico and, since entry of Family Court's August 2019 custody order, the father has since relocated with the children to Florida. In addition, the Circuit Court for the Sixth Judicial Circuit in Pinellas County, Florida has determined that Florida is the subject children's "home state" for purposes of the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A), and the parties have both made appearances, with counsel, in that court with respect to their competing petitions seeking modification of the extant custody order. Accordingly, as neither party presently resides in New York, the courts of this state have been divested of jurisdiction and "cannot now make a determination . . . that would directly affect any interest or right of the parties" (Matter of Samah DD. v Mohammed EE., 185 AD3d 1241, 1243 [2020]; see Matter of Georgianna N. v Carmen V., 185 AD3d 494, 495 [2020]; Matter of DelGallo v DelGallo, 56 AD3d 1213, 1214 [2008], lv dismissed 12 NY3d 871 [2009]; cf. Matter of Helmeyer v Setzer, 173 AD3d 740, 742 [2019]). This appeal has therefore been rendered moot and, as the exception to the mootness doctrine does not apply, it must be dismissed (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of Katherine MM. v Joshua MM., 162 AD3d 1162, 1163 [2018]).
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: The order further directed that, pending completion of those proceedings, the terms of the November 2016 corrected order were to remain in effect as a temporary order (id. at 1074).

Footnote 2: While the hearing remained pending, in October 2018, the mother filed a petition seeking custody and relocation as to all five children.