Matter of Allison v Seeley-Sick (2021 NY Slip Op 06524)





Matter of Allison v Seeley-Sick


2021 NY Slip Op 06524


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


1002 CAF 19-01696

[*1]IN THE MATTER OF JASON PAUL ALLISON, PETITIONER-RESPONDENT,
v
LAURA ANN SEELEY-SICK, RESPONDENT-APPELLANT. 






HANCOCK ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR RESPONDENT-APPELLANT.
WENDY S. SISSON, GENESEO, FOR PETITIONER-RESPONDENT.
EDWARD F. MURPHY, III, HAMMONDSPORT, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Livingston County (Dennis S. Cohen, J.), entered August 20, 2019 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject children. 
It is hereby ORDERED that said appeal from the order insofar as it concerns visitation is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this Family Court Act article 6 proceeding, respondent mother appeals from an order (August 2019 order) of Family Court (Cohen, J.) that, inter alia, granted petitioner father's petitions seeking, in effect, to modify a prior amended order (prior order) entered on consent by awarding him sole custody of the subject children, with supervised visitation to the mother.
Initially, we take judicial notice of the fact that, subsequent to the issuance of the August 2019 order on appeal, Family Court (Van Allen, J.) issued an order in December 2020 modifying the mother's visitation to supervised visitation in a therapeutic setting, but stating that all other provisions of the August 2019 order that were not modified by the December 2020 order remained in effect. We conclude that the part of the mother's appeal challenging the supervised visitation provision is moot (see Matter of Brooks v Greene, 153 AD3d 1621, 1622 [4th Dept 2017]), and we therefore dismiss the appeal from the August 2019 order insofar as it concerns visitation. However, contrary to the contention of the Attorney for the Child, that part of the mother's appeal challenging the determination to grant the father sole custody is not moot (see Matter of Fowler v Rothman, — AD3d &mdash, &mdash, 2021 NY Slip Op 05436, *1 [4th Dept 2021]; Brooks, 153 AD3d at 1622).
With respect to the merits, we reject the mother's contention that the court (Cohen, J.) abused its discretion in refusing to recuse itself. "Absent a legal disqualification, . . . a [j]udge is generally the sole arbiter of recusal" (Matter of Murphy, 82 NY2d 491, 495 [1993]; see People v Glynn, 21 NY3d 614, 618 [2013]; Tripi v Alabiso, 189 AD3d 2060, 2061 [4th Dept 2020]), and it is well established that a court's recusal decision will not be overturned absent an abuse of discretion (see People v Moreno, 70 NY2d 403, 405-406 [1987]; Matter of McLaughlin v McLaughlin, 104 AD3d 1315, 1316 [4th Dept 2013]). Contrary to the mother's contention, the court's knowledge of the prior acts of domestic violence of the mother's husband against his former wife stemmed not from an extrajudicial source, but from a prior judicial proceeding over which the court presided (see Glynn, 21 NY3d at 619; Matter of Christopher D.S. [Richard E.S.], 136 AD3d 1285, 1286 [4th Dept 2016]; see generally 22 NYCRR 100.3 [E] [1] [a] [ii]). "Although some of the comments [about the mother's husband] would have been better left [*2]unsaid, nothing in the record reveals that any bias on the court's part unjustly affected the result to the detriment of the [mother] or that the court [had] a predetermined outcome of the case in mind during the hearing" (Matter of Cameron ZZ. v Ashton B., 183 AD3d 1076, 1081 [3d Dept 2020], lv denied 35 NY3d 913 [2020] [internal quotation marks omitted]; see Matter of Roseman v Sierant, 142 AD3d 1323, 1325 [4th Dept 2016]). We perceive no abuse of discretion by the court in denying the mother's recusal motion (see Tripi, 189 AD3d at 2061; Christopher D.S., 136 AD3d at 1286; McLaughlin, 104 AD3d at 1316).
The mother further contends that the father failed to establish a change in circumstances sufficient to warrant an inquiry into whether a modification of the prior order is in the best interests of the children. The mother, however, waived that contention " 'inasmuch as [she] alleged in her own . . . petition[s] that there had been such a change in circumstances' " (Fowler, — AD3d at &mdash, 2021 NY Slip Op 05436, *1). In any event, while we agree with the mother that, although the court "failed to make an express finding that there was a change in circumstances, we have the authority to review the record to ascertain whether the requisite change in circumstances existed" (Matter of Allen v Boswell, 149 AD3d 1528, 1528 [4th Dept 2017], lv denied 30 NY3d 902 [2017] [internal quotation marks omitted]; see Matter of Grabowski v Smith, 182 AD3d 1002, 1003 [4th Dept 2020], lv denied 35 NY3d 910 [2020]), we reject her contention that the father failed to meet his burden. The father established the requisite change in circumstances based on, inter alia, "the deterioration of the parties' relationship and ability to work together to co-parent the children" (Fowler, — AD3d at &mdash, 2021 NY Slip Op 05436, *1; see Grabowski, 182 AD3d at 1003; Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]), the mother's violation of the prior order (see Grabowski, 182 AD3d at 1003; Murray v Murray, 179 AD3d 1546, 1546-1547 [4th Dept 2020]), and the exposure of the children to domestic violence at the mother's home subsequent to the entry of the prior order (see Allen, 149 AD3d at 1528-1529).
Finally, contrary to the mother's contention, we conclude that a sound and substantial basis exists in the record to support the court's determination that an award of sole custody to the father is in the best interests of the children (see Matter of Schram v Nine, 193 AD3d 1361, 1361-1362 [4th Dept 2021], lv denied 37 NY3d 905 [2021]; Grabowski, 182 AD3d at 1003; Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court