Matter of Smith v Baldwin (2023 NY Slip Op 00597)

Matter of Smith v Baldwin

2023 NY Slip Op 00597

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1007 CAF 21-01667

[*1]IN THE MATTER OF JOANNE C. SMITH, PETITIONER-APPELLANT,
v
DANIEL L. BALDWIN, RESPONDENT-RESPONDENT. 

STEPHANIE R. DIGIORGIO, UTICA, FOR PETITIONER-APPELLANT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN.

 Appeal from an order of the Family Court, Oswego County (Allison J. Nelson, J.), entered July 6, 2021 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded respondent sole legal and physical custody of the subject children. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this Family Court Act article 6 proceeding, petitioner mother appeals from an order that, inter alia, awarded respondent father sole custody of the subject children, with therapeutic visitation to the mother. We take judicial notice of the fact that, subsequent to the entry of the order on appeal, Family Court entered an order upon the consent of the parties that, inter alia, ordered that sole custody of the subject children would remain with the father and further ordered that the court "relinquishe[d] jurisdiction to Fulton County in the State of Georgia" (see generally Matter of Allison v Seeley-Sick, 199 AD3d 1490, 1491 [4th Dept 2021]; Matter of Salgado v Santiago, 178 AD3d 1399, 1400 [4th Dept 2019]). Even assuming, arguendo, that not all of the provisions of the order on appeal were superseded by the subsequent order (see Allison, 199 AD3d at 1491), we conclude that the court nonetheless divested itself of jurisdiction in a nonappealable consent order (see CPLR 5511; Matter of Kendall N. [Angela M.], 188 AD3d 1688, 1688 [4th Dept 2020], lv denied 36 NY3d 908 [2021]), and we "cannot now make a determination . . . that would directly affect any interest or right of the parties" (Matter of Richard Y. v Victoria Z., 198 AD3d 1200, 1202 [3d Dept 2021]; see generally Domestic Relations Law §§ 76-a [1]; 76-f). The appeal must therefore be dismissed as moot.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court