Matter of Indigo S. (Rajea S.T.) (2023 NY Slip Op 00527)

Matter of Indigo S. (Rajea S.T.)

2023 NY Slip Op 00527

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

59 CAF 22-00458

[*1]IN THE MATTER OF INDIGO S., PRETTY J.T. AND RAJEA S.T., JR. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-APPELLANT; RAJEA S.T., SR. AND NIASIA S.J., RESPONDENTS-RESPONDENTS. 

DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
VERONICA REED, SCHENECTADY, FOR RESPONDENT-RESPONDENT NIASIA S.J. 
WENDY S. SISSON, GENESEO, ATTORNEY FOR THE CHILD.
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Genesee County (Erin P. DeLabio, A.J.), entered February 7, 2022 in a proceeding pursuant to Family Court Act article 10. The order denied the motion of petitioner seeking recusal. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, petitioner appeals from an intermediate order that denied its motion seeking recusal of the Acting Family Court Judge assigned to this case. We affirm.
"Absent a legal disqualification, . . . a [j]udge is generally the sole arbiter of recusal" (Matter of Murphy, 82 NY2d 491, 495 [1993]), and it is well established that a court's recusal decision will not be overturned absent an abuse of discretion (see People v Moreno, 70 NY2d 403, 405-406 [1987]; Matter of Allison v Seeley-Sick, 199 AD3d 1490, 1491 [4th Dept 2021]). Contrary to petitioner's contention, the court's knowledge of certain instances of negative treatment of respondent mother by workers associated with petitioner stemmed not from an extrajudicial source, but from a report of a domestic violence crisis and prevention services organization that was received by the court in the course of this judicial proceeding and immediately shared with all parties when the court was made aware that the report had not initially been so distributed (see Allison, 199 AD3d at 1491; see generally 22 NYCRR 100.3 [E] [1] [a] [ii]). Moreover, "[a]lthough some of the comments [about petitioner's efforts and handling of the matter] would have been better left unsaid, nothing in the record reveals that any bias on the court's part unjustly affected the result to the detriment of [petitioner] or that the court [had] a predetermined outcome of the case in mind" (Allison, 199 AD3d at 1491-1492 [internal quotation marks omitted]). While the court's "intemperate remarks reflected a lack of patience [with petitioner] that is not appropriate in this delicate [and serious] matter" involving the well-being of the subject children (Matter of Smith v Lopez, 163 AD3d 1406, 1407 [4th Dept 2018], lv denied 32 NY3d 907 [2018]), we perceive no abuse of discretion by the court in denying petitioner's recusal motion (see Allison, 199 AD3d at 1492).
Finally, contrary to petitioner's assertion, issues related to visitation and certain other matters previously decided by the court in the proceeding are not properly before us on this appeal from the intermediate order denying petitioner's recusal motion because "an appeal from a nonfinal order or an intermediate order does not bring up for review prior nonfinal orders" [*2](Abasciano v Dandrea, 83 AD3d 1542, 1543 [4th Dept 2011]; see generally CPLR 5501 [a] [1]; Family Ct Act § 1118).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court