Matter of Cellino Law, LLP v Looney Injury Law PLLC (2023 NY Slip Op 04848)

Matter of Cellino Law, LLP v Looney Injury Law PLLC

2023 NY Slip Op 04848

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND DELCONTE, JJ.

612 CA 22-01313

[*1]IN THE MATTER OF CELLINO LAW, LLP, AND CELLINO & BARNES, P.C., PETITIONERS-RESPONDENTS,
v
LOONEY INJURY LAW PLLC, AND JOHN W. LOONEY, ESQ., RESPONDENTS-APPELLANTS. (APPEAL NO. 1.) 

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
CELLINO LAW, LLP, BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered August 2, 2022. The order denied respondents' motion to, inter alia, disqualify the Supreme Court Justice assigned to this case. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: These consolidated appeals relate to a dispute between law firms over attorneys' fees arising from legal services provided to a plaintiff in a personal injury action. In appeal No. 1, respondents appeal from an order that, inter alia, denied that part of their motion seeking disqualification of the Supreme Court Justice assigned to this case. In appeal No. 2, respondents appeal from an order that, after a hearing, apportioned them 5% of the net contingent attorneys' fee and apportioned the remaining 95% to petitioners. We affirm in both appeals.
With respect to appeal No. 1, we conclude that Supreme Court did not abuse its discretion in denying the motion insofar as it sought recusal. Where, as here, there is no "legal disqualification, . . . a [j]udge is generally the sole arbiter of recusal . . . , and it is well established that a court's recusal decision will not be overturned absent an abuse of discretion" (Matter of Allison v Seeley-Sick, 199 AD3d 1490, 1491 [4th Dept 2021] [internal quotation marks omitted]; see People v Moreno, 70 NY2d 403, 405-406 [1987]; Matter of Indigo S. [Rajea S.T.], 213 AD3d 1205, 1205 [4th Dept 2023]). On this record, we conclude that there is nothing demonstrating "any bias on the court's part [that] unjustly affected the result to the detriment of [respondents] or that the court [had] a predetermined outcome of the case in mind during the hearing" (Matter of Cameron ZZ. v Ashton B., 183 AD3d 1076, 1081 [3d Dept 2020], lv denied 35 NY3d 913 [2020] [internal quotation marks omitted]; see Allison, 199 AD3d at 1491-1492; see generally 22 NYCRR 100.3 [E] [1]). Thus, we perceive no abuse of discretion by the court in denying respondents' motion insofar as it sought disqualification (see Matter of Nathan N. [Christopher R.N.], 203 AD3d 1667, 1669-1670 [4th Dept 2022], lv denied 38 NY3d 909 [2022]). We have considered respondents' remaining contention in appeal No. 1 and conclude that it does not warrant reversal or modification of that order.
With respect to appeal No. 2, we reject respondents' contention that the court abused its discretion in allocating the attorneys' fees award. In fixing the percentages to be awarded to petitioners and respondents, the court properly considered the amount of time each of the involved firms spent on the case, the nature of the work performed, the relative contributions of counsel, the quality of the services rendered, and the amount recovered (see Tarolli v Jervis B. [*2]Webb Co., 195 AD3d 1385, 1385 [4th Dept 2021]; Cellino & Barnes, P.C. v York [appeal No. 2], 170 AD3d 1658, 1658-1659 [4th Dept 2019]; see generally Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458 [1989]).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court