Cellino Law, LLP v Looney Injury Law PLLC (2023 NY Slip Op 06611)

Cellino Law, LLP v Looney Injury Law PLLC

2023 NY Slip Op 06611

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, AND DELCONTE, JJ.

763 CA 22-01921

[*1]CELLINO LAW, LLP, AND CELLINO & BARNES P.C., PLAINTIFFS-RESPONDENTS,
v
LOONEY INJURY LAW PLLC, AND JOHN W. LOONEY, ESQ., DEFENDANTS-APPELLANTS. 

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CELLINO LAW, LLP, BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered November 2, 2022. The order denied the motion of defendants to, inter alia, dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: This appeal relates to disputes between law firms over attorneys' fees arising from legal services provided to plaintiffs in multiple personal injury actions. Defendants appeal from an order that denied their motion seeking dismissal of the complaint and in the alternative, inter alia, disqualification of the Justice assigned to this case. We affirm.
Defendants contend that Supreme Court erred in denying the motion insofar as it sought to dismiss the complaint on the ground that plaintiffs improperly commenced the underlying matter as a plenary action by summons and complaint, rather than a special proceeding by petition (see generally Judiciary Law § 475). While this appeal was pending, however, the court entered a subsequent order granting plaintiffs' cross-motion to convert the action into a special proceeding pursuant to CPLR 103 (c) (see NY St Cts Elec Filing [NYSCEF] Doc No. 55 at 2), of which we take judicial notice (see HoganWillig PLLC v Swormville Fire Co., Inc., 210 AD3d 1369, 1371 [4th Dept 2022]). Consequently, we conclude that defendants' contention that the court should have granted the motion insofar as it sought to dismiss the complaint on the ground that the underlying matter was commenced in the improper form is moot inasmuch as the subsequent order afforded defendants all the relief they seek in that regard (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Deering v State of New York, 111 AD3d 1368, 1368 [4th Dept 2013]), and we further conclude that the exception to the mootness doctrine does not apply to this case (see Hearst Corp., 50 NY2d at 714-715).
To the extent our dissenting colleague concludes that defendants' contention is not moot and that the court lacked authority to convert the action into a special proceeding under CPLR 103 (c), we note that the propriety of that subsequent order is not properly before us on this appeal. Furthermore, we note that the dissent's specific grounds for reversal are not properly before us inasmuch as they were not raised by defendants on appeal (see generally Misicki v Caradonna, 12 NY3d 511, 519 [2009]).
We further conclude that the court did not abuse its discretion in denying the motion insofar as it sought disqualification of the Justice assigned to the case. Where, as here, there is no "legal disqualification, . . . a [j]udge is generally the sole arbiter of recusal . . . , and it is well established that a court's recusal decision will not be overturned absent an abuse of discretion" (Matter of Allison v Seeley-Sick, 199 AD3d 1490, 1491 [4th Dept 2021] [internal quotation [*2]marks omitted]; see People v Moreno, 70 NY2d 403, 405-406 [1987]; Matter of Indigo S. [Rajea S.T.], 213 AD3d 1205, 1205-1206 [4th Dept 2023]). On this record, we conclude that there is nothing demonstrating "any bias on the court's part [that] unjustly affected the result to the detriment of [defendants] or that the court [had] a predetermined outcome of the case in mind" (Matter of Cameron ZZ. v Ashton B., 183 AD3d 1076, 1081 [3d Dept 2020], lv denied 35 NY3d 913 [2020] [internal quotation marks omitted]; see Allison, 199 AD3d at 1491-1492; see generally 22 NYCRR 100.3 [E] [1]). Thus, we perceive no abuse of discretion by the court in denying defendants' motion insofar as it sought disqualification (see Matter of Cellino Law, LLP v Looney Injury Law PLLC, 219 AD3d 1669, 1669-1670 [4th Dept 2023]; Matter of Nathan N. [Christopher R.N.], 203 AD3d 1667, 1669-1670 [4th Dept 2022], lv denied 38 NY3d 909 [2022]).
We have reviewed defendants' remaining contention and conclude that it does not warrant reversal or modification of the order.
All concur except DelConte, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent and vote to reverse the order, grant defendants' motion, and dismiss the complaint without prejudice to plaintiffs to file separate special proceedings to enforce the charging liens in the proper courts.
Preliminarily, I respectfully disagree with the majority's conclusion that defendants' contention that Supreme Court erred in denying the motion insofar as it sought to dismiss the complaint is moot. In my view, "the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the [order]" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Specifically, defendants seek dismissal of the action pursuant to CPLR 3211, and not, as the majority states, conversion of the action to a special proceeding pursuant to CPLR 103 (c), and thus the subsequent order converting the action to a special proceeding does not give defendants all the relief they seek.
I respectfully further disagree with the majority insofar as it tacitly concludes, with respect to the merits of defendants' contention, that the court had authority to convert the action to a special proceeding under the circumstances. Plaintiffs were discharged without cause by their clients in 28 separate personal injury actions, and now seek to enforce charging liens against the settlement proceeds ultimately obtained by defendants—the successor attorneys—in each of those actions. Charging liens, as authorized under Judiciary Law § 475, permit an "attorney to exercise control over property which [the attorney] does not possess[, i.e., the settlement proceeds] and secure payment of [the attorney's] fee in the particular litigation by satisfying it from the fund created by his efforts" (Matter of Desmond v Socha, 38 AD2d 22, 24 [3d Dept 1971], affd 31 NY2d 687 [1972]). "[E]nforcement of a charging lien is founded upon the equitable notion that the proceeds of a settlement are ultimately under the control of the court, and the parties within its jurisdiction, [and the court] will see that no injustice is done to its own officers" (Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York, 302 AD2d 183, 187 [3d Dept 2002] [internal quotation marks omitted]). Pursuant to section 475, an application to recover a charging lien must be made by means of an expedited special proceeding "designed to attach only the specific proceeds of the judgment or settlement in the action where the attorney appeared" (Haser v Haser, 271 AD2d 253, 255 [1st Dept 2000]).
Here, at least ten different supreme court justices in five different counties across two judicial districts presided over the 28 underlying personal injury actions at issue, and, most importantly, each court "retained jurisdiction over the fee dispute between the attorneys based on a charging lien" (Russo v City of New York, 48 AD3d 540, 541 [2d Dept 2008]). Thus, the matter now before this Court is not a single special proceeding to collect fees secured by a single charging lien that was improperly filed as a plenary action in the correct court but, rather, over two dozen separate special proceedings that were improperly filed as a single plenary action in the incorrect court. While CPLR 103 (c) authorizes the conversion of a plenary action into a special proceeding, or vice versa, where the "sole[ ]" defect is that it was "not brought in the proper form" (CPLR 103 [c]; see generally Pirro & Sons, Inc. v Thomas J. Pirro, Jr. Funeral Home, 137 AD3d 1609, 1610 [4th Dept 2016]), it does not authorize, as is the case here, the removal of a matter from the continuing jurisdiction of a coordinate court (see CPLR 325 [a]) or the consolidation of multiple actions (see CPLR 602 [b]). Moreover, even if CPLR 103 (c) did grant that authority in the context of correcting errors in form, I would nonetheless conclude that [*3]conversion would be an improvident exercise of discretion here inasmuch as "[t]he issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess
such factors" (Mazza v Marcello, 20 AD3d 554, 554 [2d Dept 2005]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court