Matter of Cynthia M. (2025 NY Slip Op 05621)

Matter of Cynthia M.

2025 NY Slip Op 05621

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, NOWAK, DELCONTE, AND KEANE, JJ.

753 CAF 25-00261

[*1]IN THE MATTER OF CYNTHIA M., GWEN M., NOVA M., JAMES M., EMMITT C., JEMMA M., ROCKY M., AND TRENTON M. CHAUTAUQUA COUNTY DEPARTMENT OF MENTAL HYGIENE AND SOCIAL SERVICES, PETITIONER-APPELLANT; EMILY W., AND JAMES L.M., RESPONDENTS-RESPONDENTS. MARY S. HAJDU, ESQ., ATTORNEY FOR THE CHILDREN GWEN M. AND NOVA M., APPELLANT. NANCY A. DIETZEN, ESQ., ATTORNEY FOR THE CHILDREN JAMES M., JEMMA M., ROCKY M., AND TRENTON M., APPELLANT. BEVERLY D. UNGERER, ESQ., ATTORNEY FOR THE CHILDREN, CYNTHIA M. AND EMMITT C., APPELLANT.

NANCY A. DIETZEN, FREDONIA, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE.
BEVERLY D. UNGERER, LAKEWOOD, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE.
MARY S. HAJDU, LAKEWOOD, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE.
SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY J. SCHOONMAKER OF COUNSEL), FOR PETITIONER-APPELLANT. 
TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-RESPONDENT EMILY W. 

 Appeals from an order of the Family Court, Chautauqua County (Michael J. Sullivan, J.), entered February 13, 2025, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent James L.M. had neglected and derivatively neglected the subject children by engaging in domestic violence and dismissed the petition against respondent Emily W. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law and facts by granting the amended petitions against respondents insofar as they seek a determination that each of the subject children is a neglected child as defined in Family Court Act § 1012 (f) (i) (A), and as modified the order is affirmed without costs and the matter is remitted to Family Court, Chautauqua County, for a dispositional hearing in accordance with the following memorandum: In these proceedings pursuant to Family Court Act article 10, petitioner and the subject children appeal from an order following a fact-finding hearing that, inter alia, dismissed the respective amended petitions alleging that respondent father and respondent mother neglected the children, except insofar as it determined that the father neglected Cynthia M., Gwen M., James M., Emmitt C., Jemma M., Rocky M., and Trenton M. by engaging in domestic violence against the children and against the mother in the presence of the children and derivatively neglected Nova M. as a result of such domestic violence.
Initially, we reject petitioner's contention that Family Court erred in denying its mid-hearing motion seeking recusal. "Absent a legal disqualification, . . . a [j]udge is generally the sole arbiter of recusal" (Matter of Murphy, 82 NY2d 491, 495 [1993]), and it is well established that a court's recusal decision will not be overturned absent an abuse of discretion (see People v Moreno, 70 NY2d 403, 405-406 [1987]; Matter of Indigo S. [Rajea S.T.], 213 AD3d 1205, 1205-1206 [4th Dept 2023]). Here, "[a]lthough some of the comments [about petitioner's handling of the matter and its witnesses] would have been better left unsaid, nothing in the record reveals that any bias on the court's part unjustly affected the result to the detriment of [petitioner] or that the court [had] a predetermined outcome of the case in mind" (Matter of Allison v Seeley-Sick, 199 AD3d 1490, 1491-1492 [4th Dept 2021] [internal quotation marks omitted]; see Indigo S., 213 AD3d at 1206). While the court's " 'intemperate remarks reflected a lack of patience [with petitioner] that is not appropriate in this delicate [and serious] matter' involving the well-being of the subject children," we perceive no abuse of discretion by the court in denying petitioner's recusal motion (Indigo S., 213 AD3d at 1206; see Allison, 199 AD3d at 1492).
We nonetheless agree with petitioner and the children that the court should have granted the respective amended petitions against respondents insofar as they seek a determination that each of the children is a neglected child as defined in Family Court Act § 1012 (f) (i) (A). We therefore modify the order accordingly, and we remit the matter to Family Court, Chautauqua County, for a dispositional hearing with respect to each respondent.
A neglected child is defined, in relevant part, as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [their] parent or other person legally responsible for [their] care to exercise a minimum degree of care . . . in supplying the child with adequate . . . education . . . , or medical[ or] dental . . . care, though financially able to do so or offered financial or other reasonable means to do so" (Family Ct Act § 1012 [f] [i] [A]). "The statute thus imposes two requirements for a finding of neglect, which must be established by a preponderance of the evidence . . . First, there must be proof of actual (or imminent danger of) physical, emotional or mental impairment to the child . . . Second, any impairment, actual or imminent, must be a consequence of the parent's failure to exercise a minimum degree of parental care . . . This is an objective test that asks whether a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011] [internal quotation marks omitted]; see Family Ct Act § 1046 [b] [i]).
Here, notwithstanding the deference we must accord to the court's findings (see Matter of Justyce M. [Shavon E.], 77 AD3d 1407, 1408 [4th Dept 2010], lv dismissed 16 NY3d 726 [2011], lv denied 16 NY3d 710 [2011]; Matter of Breanna R., 61 AD3d 1338, 1340 [4th Dept 2009]), we conclude that petitioner met its burden of establishing by a preponderance of the evidence that respondents neglected the children on several bases (see Family Ct Act § 1012 [f] [i] [A]). Contrary to the court's determination, the evidence of respondents' " 'failure to follow through with necessary treatment for [Rocky M.'s] serious medical condition support[s] [a] finding of medical neglect" against them (Matter of Kal-El F. [Damon H.], 232 AD3d 1277, 1278 [4th Dept 2024]; see Matter of Jamiar W. [Malipeng W.], 84 AD3d 1386, 1387 [2d Dept 2011]). Similarly, the evidence establishes that respondents' failure to take Jemma M. to medical appointments for most of the first year of her life, particularly in light of her prematurity, condition and weight at birth, and subsequent developmental delays, caused impairment of her physical and emotional condition sufficient to support a finding of medical neglect with respect to her (see Kal-El F., 232 AD3d at 1278; Matter of Josephine BB. [Rosetta BB.], 114 AD3d 1096, 1097-1099 [3d Dept 2014]). Moreover, contrary to the court's related determination, the evidence presented by petitioner, including medical records, establishes that respondents were financially able or had other reasonable means to provide adequate medical care (see Family Ct Act § 1012 [f] [i] [A]). The evidence further establishes that respondents neglected Cynthia M., Gwen M., Emmitt C. and Rocky M. by failing to provide adequate dental care (see Matter of Fay GG. [John GG.], 97 AD3d 918, 919-920 [3d Dept 2012]; Matter of Ciara Z., 58 AD3d 915, 918 [3d Dept 2009]; Matter of Alyssa L.D., 56 AD3d 1184, 1185 [4th Dept 2008], lv denied 12 NY3d 703 [2009]). Additionally, contrary to the court's determination, petitioner presented unrebutted evidence of excessive school absences for Cynthia M., Gwen M., James M., and Emmitt C., which is sufficient to establish respondents' educational neglect of those children (see Matter of Tu'Real A.E.B. [Patricia S.], 237 AD3d 1532, 1533 [4th Dept 2025], lv dismissed 44 NY3d 962 [*2][2025]; Matter of Airionna C. [Shernell E.], 118 AD3d 1430, 1431 [4th Dept 2014], lv denied 24 NY3d 905 [2014], lv dismissed 24 NY3d 951 [2014]; Matter of Gabriella G. [Jeannine G.], 104 AD3d 1136, 1137 [4th Dept 2013]). Finally, we conclude that the evidence of neglect with respect to the aforementioned children "demonstrates such an impaired level of . . . judgment as to create a substantial risk of harm for any child in [respondents'] care," thus warranting a finding of derivative neglect with respect to Nova M. and Trenton M. (Matter of Olivia W. [Courtney W.], 184 AD3d 1080, 1081 [4th Dept 2020] [internal quotation marks omitted]; see Tu'Real A.E.B., 237 AD3d at 1533; Matter of Dayshaun W. [Jasmine G.], 133 AD3d 1347, 1348 [4th Dept 2015]).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court