■ In the Matter of MIGUEL ANGEL S., a Child Alleged to be Permanently Neglected. WENDY CAROLINA S., Appellant; CARDINAL MCCLOSKEY COMMUNITY SERVICES, Respondent. [65 NYS3d 123]—

Order, Family Court, Bronx County (Robert Hettleman, J.), entered on or about July 1, 2016, which, after a hearing, found that respondent mother permanently neglected the subject child, and terminated her parental rights and transferred the guardianship and custody of the child to the Commissioner for the Administration for Children's Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that respondent failed to maintain contact with or plan for the future of the child for a period of more than one year, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136 [1984]). The agency referred respondent for various parenting programs and mental health services, including domestic violence counseling and random drug testing, and scheduled and facilitated visitation with the child (*see Matter of Ashley R. [Latarsha R.]*, 103 AD3d 573 [1st Dept 2013], *lv denied* 21 NY3d 857 [2013]). Nevertheless, respondent did not avail herself of the referred services, failed to submit to random drug testing, a mental health evaluation, or domestic violence counseling, and failed to obtain suitable housing (*see Matter of Cerenithy B. [Ecksthine B.]*, 149 AD3d 637, 638 [1st Dept 2017], *lv denied* 29 NY3d 1106 [2017]).

The determination that it was in the best interests of the child to terminate respondent's parental rights, and that a suspended judgment was not warranted, is supported by the evidence that respondent was not in a position to care for and provide an adequate home for the child (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Alani G. [Angelica G.]*, 116 AD3d 629 [1st Dept 2014], *lv denied* 24 NY3d 903 [2014]; *Matter of Jenna Nicole B. [Jennifer Nicole B.]*, 118 AD3d 628, 629 [1st Dept 2014]). Conversely, the record shows that the child has bonded with his foster father and two foster brothers, and wishes to remain in his pre-adoptive foster home, where he is well cared for. The child attends school regularly and receives appropriate services, and his behavior and performance have improved.

The record also shows that the child's best interests would not be served by granting his maternal grandmother custody. During the year that he was in her care, the child was consistently late to school, and his grandmother permitted respondent to take him out of her home unsupervised, which resulted in respondent's disappearing with the child for two days and returning him to his grandmother with a broken arm. After the child was moved to his current foster home, his grandmother's behavior was erratic, she refused to treat him appropriately for his age, and her visitation with him was discontinued. The child expressed his wish to remain with his foster father and not to resume visits with his grandmother. At the time of the hearing, neither respondent nor the grandmother had seen the child for approximately two years.

The court properly exercised its discretion in denying respondent's requests for adjournments, in light of her failure to notify her attorney of her incarceration or provide proof supporting her medical excuses.

We have considered respondent's remaining contentions and find them unavailing. Concur—Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kahn and Moulton, JJ.