Matter of Hannah W. (William W.) (2020 NY Slip Op 02415)





Matter of Hannah W. (William W.)


2020 NY Slip Op 02415


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


330 CAF 18-02258

[*1]IN THE MATTER OF HANNAH W. YATES COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; WILLIAM W., RESPONDENT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.
DANIELLE A. WARD, PENN YAN, FOR PETITIONER-RESPONDENT. 
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeal from an amended order of the Family Court, Yates County (Jason L. Cook, J.), entered October 29, 2018 in a proceeding pursuant to Social Services Law § 384-b. The amended order terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an amended order of Family Court that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect, transferred guardianship and custody of the child to petitioner, and freed the child for adoption. We affirm.
We reject the contention of the father that petitioner failed to establish that it exercised diligent efforts, as required by Social Services Law § 384-b (7) (a), to encourage and strengthen the parent-child relationship. "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parents to overcome problems that prevent the discharge of the child into their care, and informing the parents of their child's progress" (Matter of Jessica Lynn W., 244 AD2d 900, 900-901 [4th Dept 1997]; see Matter of Caidence M. [Francis W.M.], 162 AD3d 1539, 1539 [4th Dept 2018], lv denied 32 NY3d 905 [2018]). Here, petitioner established by clear and convincing evidence (see § 384-b [3] [g] [i]) that it fulfilled its duty to exercise diligent efforts to encourage and strengthen the father's relationship with the child (see Matter of Nicholas B. [Eleanor J.], 83 AD3d 1596, 1597 [4th Dept 2011], lv denied 17 NY3d 705 [2011]) by providing appropriate services to the father, including parenting education, mental health counseling, sexual behavior counseling, and an alcohol evaluation. The father, however, failed to successfully complete the programs and services that were made available to him. In addition, petitioner maintained regular and consistent supervised visitation with coaching, even after the father repeatedly threatened and behaved inappropriately toward the visitation supervisor, thereby necessitating more intensive supervision and security. Despite petitioner's efforts, the father did not progress to a point where unsupervised visits could occur.
Contrary to the further contention of the father, "there is no evidence that [he] had a realistic plan to provide an adequate and stable home for the child[ ]" (Matter of Christian C.-B. [Christopher V.B.], 148 AD3d 1775, 1777 [4th Dept 2017], lv denied 29 NY3d 917 [2017]; see Social Services Law § 384-b [7] [c]), and the court thus properly concluded that he permanently neglected the subject child.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court