Matter of Brandon I.J. (Daisy D.) (2021 NY Slip Op 05206)





Matter of Brandon I.J. (Daisy D.)


2021 NY Slip Op 05206


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


701 CAF 19-02317

[*1]IN THE MATTER OF BRANDON I.J. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; DAISY D., RESPONDENT-APPELLANT.
-
IN THE MATTER OF BRANDON I.J. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; DAISY D., RESPONDENT-APPELLANT.






BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-APPELLANT. 
LAW OFFICE OF JAMES D. BELL, BROCKPORT (JAMES D. BELL OF COUNSEL), FOR PETITIONER-RESPONDENT.
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered November 19, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect.
We reject the mother's contention that Family Court abused its discretion in denying the requests of the mother's attorney for adjournments of the fact-finding and dispositional hearings when the mother failed to appear. The record supports the court's conclusion that the mother was fully aware of the court dates, and no excuse was offered for her absences (see Matter of Evelyn R. [Franklin R.], 117 AD3d 957, 957-958 [2d Dept 2014]; Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011]; see generally Matter of Tyler W. [Stacey S.], 121 AD3d 1572, 1573 [4th Dept 2014]).
Contrary to the mother's contention, the court properly determined that petitioner demonstrated by clear and convincing evidence that it made the requisite diligent efforts—i.e., "reasonable attempts . . . to assist, develop and encourage a meaningful relationship between the parent and child" (Social Services Law § 384-b [7] [f])—to reunite the mother with the child (see § 384-b [7] [a]; Matter of Sheila G., 61 NY2d 368, 380-381 [1984]; Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1550 [4th Dept 2015], lv denied 27 NY3d 903 [2016]). Petitioner coordinated regular visitation with the child, provided the mother with transportation assistance to those visits, encouraged the mother to obtain the required substance abuse and mental health treatment, referred her to agencies that assisted with people suffering from a traumatic brain injury, encouraged her to maintain employment and housing, and offered her budget counseling. We reject the mother's further contention that petitioner failed to establish by [*2]clear and convincing evidence that she permanently neglected the child. The evidence established that, among other things, the mother failed to complete mental health and substance abuse treatment and failed to obtain adequate and safe housing during the relevant time period (see Matter of Eden S. [Joshua S.], 170 AD3d 1580, 1582-1583 [4th Dept 2019], lv denied 33 NY3d 909 [2019]; Matter of Miguel Angel S. [Wendy Carolina S.], 155 AD3d 587, 588 [1st Dept 2017]; Matter of Peter D., 262 AD2d 998, 998-999 [4th Dept 1999]).
Contrary to the mother's contention, the court did not abuse its discretion in refusing to issue a suspended judgment. A suspended judgment "is a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d 299, 311 [1992]; see Family Ct Act § 633) and may be warranted where the parent has made sufficient progress in addressing the issues that led to the child's removal from custody (see Matter of James P. [Tiffany H.], 148 AD3d 1526, 1527 [4th Dept 2017], lv denied 29 NY3d 908 [2017]; Matter of Sapphire A.J. [Angelica J.], 122 AD3d 1296, 1297 [4th Dept 2014], lv denied 24 NY3d 916 [2015]). Here, the evidence at the dispositional hearing established that the child had been removed from the mother's care when he was approximately eight months old and had been in foster care ever since, that the child had been with the same foster mother for almost 2½ years, and that the foster mother was willing to adopt the child. In addition, the evidence established that the mother had made no progress in addressing the issues that led to the removal of the child and still had only supervised visits with the child. We therefore conclude that the court properly determined that a suspended judgment was unwarranted.
The mother contends that she was deprived of her right to the assistance of counsel or to effective assistance of counsel at the dispositional hearing. We reject that contention. At the start of the dispositional hearing, the mother failed to appear, and her counsel elected not to participate. The court heard the testimony of petitioner's caseworker and, after a lunch break, the mother appeared in court and her counsel resumed participating. We conclude that counsel's decision not to participate when the mother was absent was tactical and did not deprive the mother of representation or meaningful representation (see Matter of Thaiheed O.H., 162 AD3d 477, 478 [1st Dept 2018]; see generally People v Diggins, 11 NY3d 518, 525 [2008]).
We have considered the mother's remaining contention and conclude that it is without merit.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court