Matter of Ayden D. (John D.) (2022 NY Slip Op 00771)





Matter of Ayden D. (John D.)


2022 NY Slip Op 00771


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.


119 CAF 20-01598

[*1]IN THE MATTER OF AYDEN D. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
JOHN D., RESPONDENT-APPELLANT.






PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.
MICHAEL D. WERNER, WATERTOWN, FOR PETITIONER-RESPONDENT.
KIMBERLY A. WOOD, WATERTOWN, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Jefferson County (Eugene J. Langone, Jr., J.), entered December 4, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred respondent's guardianship and custody rights with respect to the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order of fact-finding and disposition that, inter alia, terminated his parental rights with respect to the subject child. Contrary to the father's contention, we conclude that petitioner established by clear and convincing evidence that it made the requisite diligent efforts, i.e., "reasonable attempts . . . to assist, develop and encourage a meaningful relationship between the parent and child" (Social Services Law
§ 384-b [7] [f]; see Matter of Cheyenne C. [James M.], 185 AD3d 1517, 1518-1519 [4th Dept 2020], lv denied 35 NY3d 917 [2020]). Contrary to the father's contention, petitioner was not required, as part of its diligent efforts obligation, to forgo requiring the father to participate in a sex offender program or to formulate an alternative plan to accommodate his refusal to admit his role in the events that led to the removal of the child (see Matter of Emerald L.C. [David C.], 101 AD3d 1679, 1680 [4th Dept 2012]).
We likewise reject the father's contention that petitioner failed to establish by clear and convincing evidence that he permanently neglected the child. Permanent neglect "may be found only after it is established that the parent has failed substantially and continuously or repeatedly to maintain contact with or plan for the future of the child although physically and financially able to do so" (Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). It is well settled that, to plan for the child's future, " 'the parent must take meaningful steps to correct the conditions that led to the child's removal' " (Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]). Here, the father failed to take responsibility for the events that led to the child's removal and failed to complete the recommended sex offender counseling aimed at addressing those events (see Matter of Gloria Melanie S., 47 AD3d 438, 438 [1st Dept 2008]; see generally Jerikkoh W., 134 AD3d at 1551).
Contrary to the father's further contention, petitioner met its burden of establishing by a preponderance of the evidence that termination of his parental rights, rather than a suspended judgment, is in the best interests of the child (see Matter of Deon M. [Vernon B.], 170 AD3d 1586, 1587 [4th Dept 2019], lv denied 35 NY3d 903 [2020]). We have considered the father's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court