Matter of Faith K. (Jamie K.) (2022 NY Slip Op 01640)





Matter of Faith K.


2022 NY Slip Op 01640


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


80 CAF 20-01036

[*1]IN THE MATTER OF FAITH K. - ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JAMIE K. AND CINDY R., RESPONDENTS-APPELLANTS.






MICHAEL J. PULVER, NORTH SYRACUSE, FOR RESPONDENT-APPELLANT JAMIE K. 
PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT CINDY R.
HOLLY A. ADAMS, COUNTY ATTORNEY, CANANDAIGUA, FOR PETITIONER-RESPONDENT.
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeals from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered July 9, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondents with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother and respondent father each appeal from an order that, inter alia, terminated their parental rights with respect to their daughter, Faith K., on the ground of permanent neglect. It is undisputed that the child was removed from respondents' care shortly after her birth and was never returned to respondents' care.
Contrary to respondents' contention, we conclude that petitioner met its burden of establishing by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen respondents' relationship with the child (see Social Services Law
§ 384-b [7] [a]; Matter of Braylynn S. [Eric S.], 181 AD3d 1205, 1205 [4th Dept 2020]). Furthermore, the record establishes that, "although petitioner made affirmative, repeated and meaningful efforts to assist [respondents], its efforts were fruitless because [respondents] [were] utterly uncooperative" (Matter of Cheyenne C. [James M.], 185 AD3d 1517, 1519 [4th Dept 2020], lv denied 35 NY3d 917 [2020] [internal quotation marks omitted]; see Braylynn S., 181 AD3d at 1205). Contrary to respondents' further contention, petitioner also established that respondents failed to plan for the child's future and that they failed to address the problems that caused the removal of the child (see Matter of Maria M. [Kristin M.], 183 AD3d 1250, 1250-1251 [4th Dept 2020], lv denied 35 NY3d 915 [2020]; Matter of Justain R. [Juan F.], 93 AD3d 1174, 1174-1175 [4th Dept 2012]).
Respondents' contention that Family Court erred in failing to grant a suspended judgment is unpreserved for our review, inasmuch as neither the mother nor the father requested that relief at the dispositional hearing (see Matter of Natalee F. [Eric F.], 194 AD3d 1397, 1398 [4th Dept 2021], lv denied 37 NY3d 911 [2021]; Matter of Hayleigh C. [Ronald S.], 172 AD3d 1921, 1922 [4th Dept 2019], lv denied 33 NY3d 911 [2019]).
Even assuming, as the mother contends, that the court erred in taking judicial notice of testimony and evidence postdating the filing of the permanent neglect petition, we conclude that any such error is harmless (see Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1627 [4th Dept 2017], lv denied 30 NY3d 911 [2018]). Even without such evidence, we conclude that the [*2]record of the fact-finding hearing "contains sufficient admissible facts to support the court's permanent neglect finding" (id.).
Finally, contrary to the mother's contention, she was not deprived of effective assistance of counsel by her attorney's failure to present her as a witness. While the mother correctly contends that the court offered accommodations for her to testify and yet she was not presented as a witness, the mother failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcoming[]" (Matter of Brown v Gandy, 125 AD3d 1389, 1390 [4th Dept 2015] [internal quotation marks omitted]).
We have reviewed the mother's remaining contentions and conclude that they are without merit.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court