Matter of Nathan N. (Christopher R.N.) (2022 NY Slip Op 01907)





Matter of Nathan N. (Christopher R.N.)


2022 NY Slip Op 01907


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.


96 CAF 20-01214

[*1]IN THE MATTER OF NATHAN N., MILES N., THOMAS N., ISAAC N. AND NAOMI N. LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CHRISTOPHER R.N. AND MELISSA J.N., RESPONDENTS-APPELLANTS.






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR RESPONDENT-APPELLANT CHRISTOPHER R.N.
PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT MELISSA J.N. 



 Appeals from an order of the Family Court, Livingston County (Kevin Van Allen, J.), entered August 13, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondents with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father and respondent mother appeal from an order that, inter alia, terminated their parental rights with respect to the subject children on the ground of permanent neglect and transferred guardianship and custody of the children to petitioner. We affirm.
We reject the contention of the father that petitioner failed to establish that it exercised diligent efforts, as required by Social Services Law § 384-b (7) (a), to encourage and strengthen the parent-child relationship. "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child[ren], providing services to the parents to overcome problems that prevent the discharge of the child[ren] into their care, and informing the parents of their child[ren's] progress" (Matter of Caidence M. [Francis W.M.], 162 AD3d 1539, 1539 [4th Dept 2018], lv denied 32 NY3d 905 [2018] [internal quotation marks omitted]; see Matter of Hannah W. [William W.], 182 AD3d 1032, 1033 [4th Dept 2020]). Here, petitioner established by clear and convincing evidence (see § 384-b [3] [g] [i]) that it fulfilled its duty to exercise diligent efforts to encourage and strengthen respondents' relationships with the children (see Matter of Nicholas B. [Eleanor J.], 83 AD3d 1596, 1597 [4th Dept 2011], lv denied 17 NY3d 705 [2011]) by providing appropriate services to respondents, including parenting education, mental health counseling, budgeting and communication training, and scheduling regular visitation with the children (see Hannah W., 182 AD3d at 1033).
We further conclude that, contrary to respondents' contentions, petitioner established that, despite those diligent efforts, respondents permanently neglected the children because they "failed to plan appropriately for the child[ren]'s future" (Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]). "It is well settled that, to plan substantially for a child's future, 'the parent must take meaningful steps to correct the conditions that led to the child's removal' " (id.; see Matter of Nathaniel T., 67 NY2d 838, 840 [1986]). Here, respondents failed to take such meaningful steps inasmuch as they failed to successfully complete the programs and services that were made available to them and, despite [*2]petitioner's efforts, respondents did not progress to a point where unsupervised visits could occur (see Matter of Jase M. [Holly N.], 190 AD3d 1238, 1241 [3d Dept 2021], lv denied 37 NY3d 901 [2021]; Matter of Soraya S. [Kathryne T.], 158 AD3d 1305, 1306 [4th Dept 2018], lv denied 31 NY3d 908 [2018]).
Contrary to respondents' contentions, Family Court (Van Allen, J.) did not abuse its discretion in refusing to issue a suspended judgment. "A suspended judgment is a brief grace period designed to prepare the parent to be reunited with the children" (Matter of Aiden T. [Melissa S.], 164 AD3d 1663, 1663 [4th Dept 2018], lv denied 32 NY3d 917 [2019] [internal quotation marks omitted]; see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 310-311 [1992]) and "may be warranted where the parent has made sufficient progress in addressing the issues that led to the child[ren]'s removal from custody" (Matter of Brandon I.J. [Daisy D.], 198 AD3d 1310, 1311 [4th Dept 2021]). Here, the evidence at the dispositional hearing established that the children had been removed from respondents' care for over two years and, during that time, as noted above, respondents failed to make substantial progress in addressing the issues that led to the removal of the children and still had only supervised visits with the children. We therefore conclude that the court properly determined that a suspended judgment was unwarranted (see id.).
We reject respondents' contentions that, prior to the fact-finding hearing, Family Court (Cohen, J.) abused its discretion when it denied their requests for an adjournment. "The grant or denial of a motion for an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Dixon v Crow, 192 AD3d 1467, 1467 [4th Dept 2021], lv denied 37 NY3d 904 [2021] [internal quotation marks omitted]), and we conclude that the court did not abuse its discretion. We note that neither the mother nor the father demonstrated any prejudice that they sustained as a result of the denial of their requests for an adjournment (see generally id. at 1468). Although respondents contend that they needed more time to review voluminous discovery materials, the record establishes that the court told respondents that it would permit them to recall any witness for additional cross-examination upon further review of the provided discovery, and it is clear from the record that counsel used the provided discovery during the extensive and thorough cross-examination of petitioner's witnesses.
Similarly, we reject respondents' contention that the court (Cohen, J.) abused its discretion in refusing to recuse itself. "Absent a legal disqualification, . . . a [j]udge is generally the sole arbiter of recusal . . . , and it is well established that a court's recusal decision will not be overturned absent an abuse of discretion" (Matter of Allison v Seeley-Sick, 199 AD3d 1490, 1491 [4th Dept 2021] [internal quotation marks omitted]; see People v Moreno, 70 NY2d 403, 405-406 [1987]; People v Warren, 100 AD3d 1399, 1400 [4th Dept 2012]). Here, nothing in the record establishes that "any bias on the court's part unjustly affected the result to the detriment of [respondents] or that the court [had] a predetermined outcome of the case in mind during the hearing" (Matter of Cameron ZZ. v Ashton B., 183 AD3d 1076, 1081 [3d Dept 2020], lv denied 35 NY3d 913 [2020] [internal quotation marks omitted]; see Allison, 199 AD3d at 1491-1492). We perceive no abuse of discretion by the court in denying respondents' recusal motion (see Tripi v Alabiso, 189 AD3d 2060, 2061 [4th Dept 2020]; Matter of Brooks v Greene, 153 AD3d 1621, 1622 [4th Dept 2017]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court