Matter of Tyasia T.S. (Ruthanne J.) (2023 NY Slip Op 01400)

Matter of Tyasia T.S. (Ruthanne J.)

2023 NY Slip Op 01400

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

141 CAF 21-01809

[*1]IN THE MATTER OF TYASIA T.S., ALSO KNOWN AS TYRENEE S. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; RUTHANNE J., RESPONDENT-APPELLANT.

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR RESPONDENT-APPELLANT. 
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (AMANDA L. OREN OF COUNSEL), FOR PETITIONER-RESPONDENT.
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered November 23, 2021 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred guardianship and custody of the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect and transferred guardianship and custody of the child to petitioner. We affirm.
The mother contends that petitioner failed to establish by clear and convincing evidence that she permanently neglected the child because she "failed to plan appropriately for the child's future" (Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]). We reject that contention. "It is well settled that, to plan substantially for a child's future, 'the parent must take meaningful steps to correct the conditions that led to the child's removal' " within a reasonable period of time (id.; see Matter of Nathaniel T., 67 NY2d 838, 840 [1986]; Matter of Faith K. [Jamie K.], 203 AD3d 1568, 1569 [4th Dept 2022]; see generally Social Services Law § 384-b [7] [c]). Here, although the mother, inter alia, obtained stable housing, regularly attended visitation, and complied with substance abuse evaluations, we nonetheless conclude that the record establishes that the mother "did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return" (Matter of Soraya S. [Kathryne T.], 158 AD3d 1305, 1306 [4th Dept 2018], lv denied 31 NY3d 908 [2018] [internal quotation marks omitted]; Matter of Burke H. [Richard H.], 134 AD3d 1499, 1501 [4th Dept 2015]). Specifically, the record establishes that, despite her participation in certain recommended programs and services, the mother continued struggling to put into practice the parenting skills she had learned, which manifested in her failure to act appropriately during visits with the child. We note that the mother still had only supervised visits with the child although she participated in the recommended services and programs during a fairly extensive time span (see Matter of Nathan N. [Christopher R.N.], 203 AD3d 1667, 1668-1669 [4th Dept 2022], lv denied 38 NY3d 909 [2022]).
Further, Family Court's decision to credit the testimony of a caseworker over that of the mother is entitled to great deference where, as here, the credibility determination is supported by the record, and we perceive no reason to disturb the court's determination (see Matter of D'Angel [*2]M.-B. [Donnell M.-B.], 173 AD3d 1764, 1765 [4th Dept 2019], lv denied 34 NY3d 911 [2020]; Matter of Terry L.G., 6 AD3d 1144, 1145 [4th Dept 2004]). In any event, aspects of the mother's testimony also support the court's determination. Of particular salience is the mother's testimony that she did not need mental health treatment any longer because she had completed one program, thereby demonstrating a lack of insight into one of the issues that led to the child's removal.
Contrary to the mother's further contention, the court did not abuse its discretion in refusing to issue a suspended judgment. "A suspended judgment is a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Aiden T. [Melissa S.], 164 AD3d 1663, 1663 [4th Dept 2018], lv denied 32 NY3d 917 [2019] [internal quotation marks omitted]; see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 310-311 [1992]) and "may be warranted where the parent has made sufficient progress in addressing the issues that led to the child's removal from custody" (Matter of Brandon I.J. [Daisy D.], 198 AD3d 1310, 1311 [4th Dept 2021], lv denied 38 NY3d 901 [2022]). Here, at the time of the dispositional hearing, the child had been in foster care for five years—effectively since birth—and during that time the mother failed to make substantial progress in addressing many of the issues that led to the removal of the child and had only supervised visits with her. We therefore conclude that the court properly determined that a suspended judgment was unwarranted (see Nathan N., 203 AD3d at 1669; Brandon I.J., 198 AD3d at 1311; Matter of Cheyenne C. [James M.], 185 AD3d 1517, 1520-1521 [4th Dept 2020], lv denied 35 NY3d 917 [2020]).
Even assuming, arguendo, that the court erred in refusing to qualify one of the mother's witnesses as an expert during the fact-finding hearing, we conclude that the error is harmless because, given the circumstances of the case, the outcome would have been the same had the witness been qualified as an expert (see Matter of Steven D., Jr. [Steven D., Sr.], 188 AD3d 1770, 1772 [4th Dept 2020], lv denied 36 NY3d 908 [2021]; see generally Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]).
Similarly, we conclude that any error by the court in precluding the mother from introducing testimony at the dispositional hearing concerning the assistance she would receive if the child were returned to her (see Matter of Natasha RR., 42 AD3d 769, 773 [3d Dept 2007], lv denied 9 NY3d 812 [2007]) is harmless in light of other evidence at that hearing that provided extensive support for the court's determination (see Matter of Kyle K. [Harry K.], 72 AD3d 1592, 1593 [4th Dept 2010], lv denied 15 NY3d 705 [2010]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court