Matter of Juliet W. (Amy W.) (2023 NY Slip Op 02417)

Matter of Juliet W. (Amy W.)

2023 NY Slip Op 02417

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND OGDEN, JJ.

160 CAF 21-01751

[*1]IN THE MATTER OF JULIET W. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; AMY W., RESPONDENT-APPELLANT.

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR RESPONDENT-APPELLANT. 
STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT. 
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an amended order of the Family Court, Cattaraugus County (Moses M. Howden, J.), entered March 4, 2021 in a proceeding pursuant to Family Court Act article 10. The amended order, inter alia, determined that respondent had derivatively neglected the subject child. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an amended order that, inter alia, determined that she derivatively neglected the subject child. The mother contends that Family Court erred at the fact-finding hearing in admitting in evidence a report from a licensed psychologist who did not testify at trial. Even assuming, arguendo, that the report constituted hearsay and did not qualify for admission under Family Court Act § 1046 (a) (iv) (see Matter of Chloe W. [Amy W.], 137 AD3d 1684, 1685 [4th Dept 2016]), we conclude that any error was harmless inasmuch as " 'the result reached herein would have been the same' " even if the report had been excluded (Matter of Carl B. [Crystale L.], 178 AD3d 1456, 1456 [4th Dept 2019], lv denied 35 NY3d 903 [2020]; see Matter of Jaydalee P. [Codilee R .], 156 AD3d 1477, 1478 [4th Dept 2017], lv denied 31 NY3d 904 [2018]).
We reject the mother's further contention that the court's finding of derivative neglect is not supported by a preponderance of the evidence. Prior orders of the court in January 2016 and June 2018 terminated the mother's parental rights over one of her children on the ground of permanent neglect and terminated her parental rights over three of her other children on the grounds of mental illness and intellectual disability. We affirmed both orders in prior appeals (Matter of Destiny S. [Amy W.], 177 AD3d 1314, 1314 [4th Dept 2019], lv denied 35 NY3d 947 [2020]; Matter of Chloe W. [Amy W.], 148 AD3d 1672, 1673 [4th Dept 2017], lv denied 29 NY3d 912 [2017]). There is ample evidence in the record to support the court's finding that the prior determination of permanent neglect against the mother was "so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition[s] still existed" (Matter of Lamairik S. [Jonas S.], 192 AD3d 1483, 1484 [4th Dept 2021], lv denied 37 NY3d 905 [2021] [internal quotation marks omitted]; see Matter of Carmela H. [Danielle F.], 164 AD3d 1607, 1607 [4th Dept 2018], lv dismissed in part & denied in part 32 NY3d 1190 [2019]; Matter of Burke H. [Tiffany H.], 117 AD3d 1568, 1568 [4th Dept 2014]), "and that the mother failed to address the problems that led to the neglect finding[] with respect to [one of] her other children" (Carmela H., 164 AD3d at 1608 [internal quotation marks omitted]).
To the extent the mother contends that the court erred in refusing to credit her testimony [*2]that the problems that led to the neglect finding "have been effectively remediated," we reject that contention. We see "no reason to disturb the court's credibility determinations inasmuch as they are supported by the record" (Matter of Aaren F. [Amber S.], 181 AD3d 1167, 1168 [4th Dept 2020], lv denied 35 NY3d 910 [2020]).
We further conclude that the court's determination of derivative neglect was also properly "support[ed] by a finding that the mother's [largely] untreated and ongoing mental illness [and her intellectual disability] resulted in an inability to care for [the subject] child for the foreseeable future" (Matter of Kaylene S. [Brauna S.], 101 AD3d 1648, 1649 [4th Dept 2012], lv denied 21 NY3d 852 [2013]; see Matter of Henry W., 30 AD3d 695, 696 [3d Dept 2006]; Matter of Hannah UU., 300 AD2d 942, 944-945 [3d Dept 2002], lv denied 99 NY2d 509 [2003]).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court