Matter of Patience E. (Victoria E.) (2024 NY Slip Op 01435)

Matter of Patience E. (Victoria E.)

2024 NY Slip Op 01435

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, DELCONTE, AND KEANE, JJ.

217 CAF 22-01997

[*1]IN THE MATTER OF PATIENCE E. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; VICTORIA E., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
ANAISS RIJO LELONEK, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROXANNA Q. HERREID OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered October 17, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal Nos. 1 through 3, respondent mother appeals from orders terminating her parental rights to the subject children pursuant to Social Services Law § 384-b on the ground of permanent neglect. We now affirm in all three appeals.
In all three appeals, we conclude that petitioner met its burden of establishing by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen the mother's relationship with the children (see Social Services Law § 384-b [7] [a]; Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; see generally Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]). Although Family Court failed to comply with CPLR 4213 (b) when it neglected to make specific findings of fact with respect to the fulfillment of petitioner's statutory obligation (see Matter of Paulette B., 270 AD2d 949, 949 [4th Dept 2000]; Matter of Kelly G., 244 AD2d 709, 709-710 [3d Dept 1997]), the record is sufficiently developed to enable us to make the necessary findings (see Matter of Howard R., 258 AD2d 893, 893 [4th Dept 1999]).
Contrary to the mother's further contention in these appeals, the evidence at the hearing establishes that, despite those diligent efforts, the mother failed to plan for the future of the children. "It is well settled that, to plan substantially for a child's future, 'the parent must take meaningful steps to correct the conditions that led to the child's removal' " within a reasonable period of time (Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]; see Matter of Nathaniel T., 67 NY2d 838, 840 [1986]; Matter of Faith K. [Jamie K.], 203 AD3d 1568, 1569 [4th Dept 2022]; see generally Social Services Law § 384-b [7] [c]). Here, the mother was discharged from mental health counseling, anger management classes, and substance abuse treatment for failure to attend (see Matter of Brady J.C. [Justin P.C.], 154 AD3d 1325, 1326 [4th Dept 2017], lv denied 30 NY3d 909 [2018]), thereby demonstrating that she failed to "take meaningful steps to correct the conditions that led to the child[ren]'s removal" (Matter of Ayden D. [John D.], 202 AD3d 1455, 1456 [4th Dept 2022] [internal quotation marks omitted]), and "did not successfully address or gain insight into the problems that led to the removal of the [children] and continued to prevent [their] safe return" (Giovanni K., 62 AD3d at 1243; see Matter of Soraya S. [Kathryne T.], 158 AD3d 1305, [*2]1306 [4th Dept 2018], lv denied 31 NY3d 908 [2018]).
Finally, we reject the mother's contention that a suspended judgment was warranted and conclude that it was in the children's best interests to terminate the mother's parental rights. "A suspended judgment is a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Aiden T. [Melissa S.], 164 AD3d 1663, 1663 [4th Dept 2018], lv denied 32 NY3d 917 [2019] [internal quotation marks omitted]; see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 310-311 [1992]) and "may be warranted where the parent has made sufficient progress in addressing the issues that led to the child[ren]'s removal from custody" (Matter of Brandon I.J. [Daisy D.], 198 AD3d 1310, 1311 [4th Dept 2021], lv denied 38 NY3d 901 [2022]).
Here, the mother's progress in completing her parenting classes, which was only one of several required services, "was made after the [termination of parental rights] petition[s were] filed, and she failed to complete th[at] requirement [or any of her other required services] during [the time between when] the petition was filed and the hearing was concluded" (Matter of Elijah D. [Allison D.], 74 AD3d 1846, 1847 [4th Dept 2010]). Thus, we conclude that any progress "made by [the mother] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the [children's] unsettled familial status" (id. [internal quotation marks omitted]). Our conclusion is further supported by the foster parents' desire to adopt the children, which adoption would provide them with a "sense of stability" (Matter of Tumario B. [Valerie L.], 83 AD3d 1412, 1412 [4th Dept 2011], lv denied 17 NY3d 705 [2011] [internal quotation marks omitted]), and the fact that the children spent a significant portion of their lives in the foster parents' care and established a bond with them that they lacked with the mother (see Matter of Ty'Keith R., 45 AD3d 1397, 1397 [4th Dept 2007], lv denied 10 NY3d 701 [2008]). We therefore conclude that the court properly determined that a suspended judgment was unwarranted (see Matter of Nathan N. [Christopher R.N.], 203 AD3d 1667, 1669 [4th Dept 2022], lv denied 38 NY3d 909 [2022]; Brandon I.J., 198 AD3d at 1311; Matter of Cheyenne C. [James M.], 185 AD3d 1517, 1520-1521 [4th Dept 2020], lv denied 35 NY3d 917 [2020]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court