Matter of Danyel J. (Alan J.) (2024 NY Slip Op 02472)

Matter of Danyel J. (Alan J.)

2024 NY Slip Op 02472

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

939 CAF 19-02129

[*1]IN THE MATTER OF DANYEL J. AND JOHN J. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ALAN J., RESPONDENT, AND LEEANN B., RESPONDENT-APPELLANT.

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT.
MICHAEL D. WERNER, WATERTOWN, FOR PETITIONER-RESPONDENT.
MELISSA L. KOFFS, CHAUMONT, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Jefferson County (Daniel R. King, A.J.), entered October 1, 2019, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated the parental rights of respondents with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject children.
We reject the mother's contention that the record does not establish a knowing, voluntary, and intelligent waiver of her right to counsel. "New York State law recognizes that '[p]ersons involved in certain family court proceedings may face the infringement of fundamental interests and rights, including the loss of a child's society . . . , and therefore have a constitutional right to counsel in such proceedings' " (Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1081 [4th Dept 2019], quoting Family Ct Act § 261). Parties entitled to counsel include, as pertinent here, "the parent . . . in any proceeding under . . . social services law [§ 384-b]" (§ 262 [a] [vi]). "When determining whether a party may properly waive the right to counsel in favor of proceeding pro se, the trial court, [i]f a timely and unequivocal request has been asserted, . . . is obligated to conduct a searching inquiry to ensure that the party's waiver is knowing, intelligent, and voluntary" (DiNunzio, 175 AD3d at 1081 [internal quotation marks omitted]; see Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385 [2011]). Here, when considering the totality of the record, it is clear that the mother "was aware of the dangers and disadvantages of proceeding without counsel," and nevertheless made a knowing, intelligent, and voluntary waiver of that right (DiNunzio, 175 AD3d at 1083 [internal quotation marks omitted]; see Matter of Brown v Brown, 127 AD3d 1180, 1181 [2d Dept 2015]; Matter of Jazmone S., 307 AD2d 320, 321-322 [2d Dept 2003], lv dismissed 100 NY2d 615 [2003], lv dismissed 1 NY3d 584 [2004]).
Contrary to the mother's contention, we conclude that petitioner established by clear and convincing evidence that it made the requisite diligent efforts, i.e., "reasonable attempts . . . to assist, develop and encourage a meaningful relationship between the parent and child[ren]" (Social Services Law § 384-b [7] [f]; see Matter of Ayden D. [John D.], 202 AD3d 1455, 1456 [4th Dept 2022]).
We likewise reject the mother's contention that petitioner failed to establish by clear and [*2]convincing evidence that she permanently neglected the children. Permanent neglect "may be found only after it is established that the parent has failed substantially and continuously or repeatedly to maintain contact with or plan for the future of the child[ren] although physically and financially able to do so" (Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). Here, the mother often left visits early when she grew frustrated with the children's behavior, and spent much of her time at visits focusing on the neglect proceedings rather than spending time building her relationship with the children. Thus, we conclude that Family Court properly found that the mother failed to maintain substantial contact with the children (see Matter of Cheyenne C. [James M.], 185 AD3d 1517, 1519-1520 [4th Dept 2020], lv denied 35 NY3d 917 [2020]). Similarly, we conclude that the court properly found that the mother had failed "to plan for the future of the child[ren]" by taking "such steps as may be necessary to provide an adequate, stable home and parental care for the child[ren]" (id. at 1519 [internal quotation marks omitted]; see Social Services Law § 384-b [7] [c]). Despite the fact that the children were removed due, in part, to concerns over domestic violence, the mother refused to acknowledge the history of domestic violence between her and respondent father, and failed to "take meaningful steps to correct the conditions that led to the child[ren]'s removal" (Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016] [internal quotation marks omitted]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court