Matter of Aubrey M.T. (Scott W.T.) (2025 NY Slip Op 02449)

Matter of Aubrey M.T. (Scott W.T.)

2025 NY Slip Op 02449

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, NOWAK, AND KEANE, JJ.

147 CAF 23-01685

[*1]IN THE MATTER OF AUBREY M.T., CARMON M.T., HILLARY M.T., KINSLEY R.T., AND SHAWNNA L.T. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; SCOTT W.T., JR., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 
SEAN R. STERLING, WATERTOWN, FOR PETITIONER-RESPONDENT.
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Jefferson County (Eugene J. Langone, Jr., J.), entered August 23, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, transferred custody of the subject children to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this termination of parental rights proceeding pursuant to Social Services Law § 384-b, the father, the respondent in appeal No. 1 and the petitioner in appeal No. 2, appeals from an order of disposition in appeal No. 1 that transferred the custody of the subject children to petitioner in that appeal, Jefferson County Department of Social Services (DSS), after a finding that the father had permanently neglected the children. In appeal No. 2, the father appeals from an order dismissing his petition for enforcement of an order of parenting time.
Contrary to the father's contention in appeal No. 1, the evidence at the hearing establishes that, despite the diligent efforts of DSS, the father failed to plan for the future of the children. "It is well settled that, to plan substantially for a child's future, the parent must take meaningful steps to correct the conditions that led to the child's removal within a reasonable period of time" (Matter of Patience E. [Victoria E.], 225 AD3d 1181, 1182 [4th Dept 2024], lv denied 42 NY3d 904 [2024] [internal quotation marks omitted]). Here, the father "did not successfully address or gain insight into the problems that led to the removal of the [children] and continued to prevent [their] safe return" (Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; see Matter of Soraya S. [Kathryne T.], 158 AD3d 1305, 1306 [4th Dept 2018], lv denied 31 NY3d 908 [2018]).
The father also contends in appeal No. 1 that Family Court erred when it admitted a psychological report during the fact-finding hearing. Although the psychological report does not appear to have been admitted during the fact-finding hearing, even assuming, arguendo, that it was improperly admitted because it constitutes hearsay (see Matter of Chloe W. [Amy W.], 137 AD3d 1684, 1685 [4th Dept 2016]), we conclude that such error was harmless inasmuch as the record otherwise contains ample evidence supporting the court's determination (see Matter of Juliet W. [Amy W.], 216 AD3d 1424, 1425 [4th Dept 2023], lv denied 40 NY3d 1059 [2023]; Matter of Brooklyn S. [Stafania Q.—Devin S.], 150 AD3d 1698, 1700 [4th Dept 2017], lv denied 29 NY3d 919 [2017]).
Although the father contends in appeal No. 1 that the court erred in not granting him a suspended judgment, the father did not request a suspended judgment, and thus he failed to preserve for our review his contention that the court abused its discretion in failing to issue one (see Matter of Natalee F. [Eric F.], 194 AD3d 1397, 1398 [4th Dept 2021], lv denied 37 NY3d 911 [2021]; Matter of Jamarion N. [Ernest N.], 181 AD3d 1200, 1201-1202 [4th Dept 2020]).
In appeal No. 2, the father contends that his enforcement petition seeking, inter alia, make up parenting time, which was dated the same day as the order in appeal No. 1 terminating his parental rights, was not rendered moot by that order. We reject that contention. The issue of visitation was rendered moot by the court's final order of disposition (see generally Matter of Keon D.W. [Desire E.], 167 AD3d 1582, 1583 [4th Dept 2018]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court