Matter of Danayely P.E. (Dannysha E.C.) (2026 NY Slip Op 01671)

Matter of Danayely P.E. (Dannysha E.C.)

2026 NY Slip Op 01671

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, GREENWOOD, NOWAK, AND HANNAH, JJ.

162 CAF 24-00499

[*1]IN THE MATTER OF DANAYELY P.E. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
andDANNYSHA E.C., RESPONDENT-APPELLANT. (APPEAL NO. 1.)

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
JULIE VILJOEN, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NATHALIE T. MARIN OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered March 20, 2024, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent mother appeals from an order terminating her parental rights to the subject child (older child) pursuant to Social Services Law § 384-b on the ground of permanent neglect. In appeal No. 2, the mother appeals from an order determining pursuant to Family Court Act article 10 that she derivatively neglected the subject child (younger child). We affirm in each appeal.
Preliminarily, as the mother correctly contends and both petitioner and the Attorney for the Children correctly concede in each appeal, Family Court erred in its determination that the mother was in default because, while she did not appear at the combined fact-finding and dispositional hearing, she was "represented by counsel who appeared and actively participated in the hearing, rather than electing to stand mute" (Matter of Fenton v Smith, 240 AD3d 1242, 1243 [4th Dept 2025]; see generally Matter of Jayden M. [Carlos M.], 237 AD3d 1560, 1561-1562 [4th Dept 2025], lv denied 44 NY3d 902 [2025]). Further, as the mother correctly contends and both petitioner and the Attorney for the Children correctly concede, inasmuch as the omission of certain documents from the record does not inhibit our ability to render an informed decision on the issues raised by the mother, there is no basis upon which to conclude that the appeals should be dismissed on the ground that the record is incomplete (see Matter of Omariana A. [Omar A.], 242 AD3d 1529, 1530 [4th Dept 2025]; cf. Matter of Charlie C. [Thomas C.], 178 AD3d 1450, 1450-1451 [4th Dept 2019]).
Contrary to the mother's contention in appeal No. 2, however, we conclude that there is a sound and substantial basis in the record supporting the court's determination that petitioner met its burden of establishing, by a preponderance of the evidence, the mother's derivative neglect of the younger child (see Family Ct Act § 1046 [a] [i]; [b] [i]; Matter of Juliet W. [Amy W.], 216 AD3d 1424, 1425 [4th Dept 2023], lv denied 40 NY3d 1059 [2023]). The court took judicial notice of orders entered within six weeks of the younger child's birth terminating the mother's parental rights over six of her other children on the basis of, inter alia, permanent neglect (see Matter of Dariell P.E. [Dannysha E.-C.], 242 AD3d 1505, 1505 [4th Dept 2025]), and thus "the prior finding[s were] so proximate in time to the derivative proceeding[ ] that it can reasonably [*2]be concluded that the condition[s] still exist[ed]" (Matter of Sasha M., 43 AD3d 1401, 1402 [4th Dept 2007] [internal quotation marks omitted]; see Juliet W., 216 AD3d at 1425). Moreover, the evidence established that the mother had failed to address the problems that led to the permanent neglect findings with respect to the other six children (see Juliet W., 216 AD3d at 1425; Matter of Carmela H. [Danielle F.], 164 AD3d 1607, 1607 [4th Dept 2018], lv dismissed in part & denied in part 32 NY3d 1190 [2019]).
Contrary to the mother's contention in appeal No. 1, we conclude that there is a sound and substantial basis in the record supporting the court's determination that petitioner met its burden of establishing by clear and convincing evidence that the mother permanently neglected the older child (see Social Services Law § 384-b [3] [g] [i]; [4] [d]; [7] [a]; Dariell P.E., 242 AD3d at 1506). Here, "[p]etitioner met its burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and [the older child] by providing services and other assistance aimed at ameliorating or resolving the problems preventing [the older child's] return to [the mother's] care . . . , and that the mother failed substantially and continuously to plan for the future of the [older] child although physically and financially able to do so" (Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009] [internal quotation marks omitted]; see § 384-b [7] [a]; Matter of Jemma M. [Ashley M.], 237 AD3d 1569, 1570 [4th Dept 2025], lv denied 44 NY3d 908 [2025]; Matter of D'Angel M.-B. [Donell M.-B.], 173 AD3d 1764, 1765 [4th Dept 2019], lv denied 34 NY3d 911 [2020]).
To the extent that the mother contends otherwise in appeal No. 1, we conclude that the court did not abuse its discretion in denying her attorney's request for an adjournment of the dispositional hearing (see Matter of Brandon I.J. [Daisy D.], 198 AD3d 1310, 1310 [4th Dept 2021], lv denied 38 NY3d 901 [2022]; Matter of Jazmine M. [Willie R.], 185 AD3d 1457, 1458 [4th Dept 2020], lv denied 36 NY3d 902 [2020]). Finally, contrary to the mother's contention in appeal No. 1, the court did not abuse its discretion in denying her attorney's request for a suspended judgment (see Brandon I.J., 198 AD3d at 1311).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court